## ORDER

## In re: P.E.C.

*John A. Duvall*, for petitioners.

*John Leete*, for Potter County Children & Youth Services.

*Bruce Cahilly*, for the minor child.

FINK, *P.J.*, February 28, 1983—Petitioners, are the adoptive parents of a minor child, now age 17 (soon to become 18 years of age). Petitioners obtained the decree in adoption from this court on February 16, 1979.

Following the granting of said decree, on August 5, 1981, the minor child was placed in the custody of Potter County Children and Youth Services as the result of a petition for court-ordered voluntary placement. The child was, in turn, placed in the Bradford Children's Home, McKean County, Pa., where the child is currently staying and flourishing. Pursuant to the petition, the parents agreed to pay the sum of $80 a month for the support of the child until such time as he is released from the supervision of the Children and Youth Services.

Also, a collateral matter to these proceedings presented to this court was a petition by Children and Youth Services to be relieved of further responsibility for the child once he attained 18 years of age although he will not be graduated from High School until a substantial period of time after his 18th birthday. At this hearing the court found that the child was well suited where he was and was getting along better than expected. This court, further, refused the application of the Children and Youth Services unless they could come up with a viable alternative to remaining where he was presently placed until he graduated from High School.

Petitioners herein have filed a petition for voluntary relinquishment of parental rights which is presently before the court. At a hearing on said petition, the Children and Youth Services was represented by counsel, as were petitioners, however, the child was not. The court indicated that it would

go on and hear legal argument on the singular issue of whether or not petitioners presented an issue "cognizable" by this court but before anything else happened would appoint counsel to represent the minor child. Counsel was then appointed.

Thus, we have before us the issue of whether or not the adoptive parents may be allowed to "surrender" their adoptive parental obligations through a possible court order relieving them from such responsibilities. We think it clear that they cannot and, therefore, under the facts set forth by petition, the matter is not cognizable. The issue was raised by the preliminary objections filed by the Children and Youth Services of Potter County in the nature of a demurrer.

Petitioners acknowledge that they seek to proceed under the "Adoption Act" of 1980, October 15, P.L. 934, which was effective January 1, 1981, 23 Pa.C.S.A. §2301 et seq. The entire act and tenor thereof contemplates a prospective adoption of the child after appropriate relinquishment is obtained. The only two sections available under voluntary relinquishment are Section 2501 entitled "Relinquishment to agency" and 2502 entitled "Relinquishment to adult intending to adopt child." It is obvious, therefore, that by the very heading of the sections if one is going to voluntarily relinquish, it is to be done to an agency *or* to an individual.

In the instant case there is no further pending adoptive procedure nor is it contemplated that a relinquishment, if granted, shall be to anybody, rather, it becomes clear the petitioners seek to shed themselves from the obligations and duties of parental care and guidance and to set the child adrift into the cruel cold world without parental guidance. It becomes perfectly obvious that the oral

goal of petitioners is to seek avoidance of the monthly payment aforementioned and to any other responsibility for this child.

Petitioners were well aware of the consequences of adoptive parenthood at the time they were given an adoption decree and they should not be allowed to lightly shed the responsibilities connected therewith by now merely coming in to court and saying, in effect, "the whole thing was a mistake, we wish no further obligation to this child," nor, indeed, was this ever intended by the Legislature of Pennsylvania.

Not only was counsel appointed for the minor child, but it was pointed out to the minor child and counsel that it may be possible the minor child would wish to take the position he was in favor of the prayer for relief as contained in the petition requesting voluntary relinquishment, not that it would make any difference if he did take such a position! We, therefore, assume, however, for the record that the minor child, although represented, has been willing to ride on the coattails of the Children and Youth Services as far as the matter presently before this court is concerned.

In view of the foregoing, the following decree is, therefore, entered

## ORDER OF COURT

And now, February 11, 1983, the preliminary objections of the Children and Youth Services of Potter County are hereby sustained with prejudice and the prothonotary is directed to mark the case "satisfied and ended."